Thank you your honors. Good morning and may it please the court. My name is Cyrus Jubin and I represent the plaintiff appellant Josie Rowell. Today we ask this court to reverse the district court's denial of Rowell's Batson motion. We respectfully submit that the district court committed clear error in doing so. The district court's clearly erroneous analysis led to its clearly erroneous conclusion. While the district court's job at the third level of its Batson analysis was to determine whether race motivated the city's peremptory strike of juror number 12, the sole black member of the panel, the district court mistakenly focused its credibility analysis not on the city's motivation but on the city's description of the black juror's physical movement. As if that movement, a vague momentary movement, were the only relevant circumstance in the totality of circumstances analysis the district court should have conducted. In doing so, the district court committed the very error that this court found in Dolphy v. Mantello 2009. The mistake being that it the district court treated a single race neutral factor as decisive and sufficient. Because of its fundamentally flawed framing of the issue, the district court not only failed to properly weigh all the relevant facts and circumstances, it ignored and glossed over the most crucial facts and circumstances. Compelling circumstances that have been recognized by the Supreme Court as demonstrating discriminatory intent. These circumstances established by clear preponderance of the evidence that race was a substantial motivation for the peremptory strike exercised by the city. And how do you get there? I mean, you know, beyond the prima facie case of the fact that this particular juror was African American and was dismissed. But then after that, it seems to me they're asking for the race, the judge appropriately asked for the race neutral reason and got one. And credited it. Where's the error? Your Honor, the city offered not one but five race neutral explanations and the district court only assessed the credibility of one of them. It assessed the credit and it properly credited the description of a head movement given by the city. But the district court did not analyze the credibility of the other four race neutral reasons offered by the city. And those are some of the totality of circumstances the district should have considered. Because if it had, it would have realized the inconsistency and implausibility of those reasons. For instance, the city stated that the fact that the juror had previously served as a juror was another reason they struck him. But they did not strike another juror who had served previously as a juror. And the city did not inquire or ask to say that a court doesn't need to make particularized findings in denying a Batson challenge like the Dolfi case. Yes, Your Honor. And Dolfi is important because on page 239 of the decision, Dolfi does state that the district court's Batson decision will demonstrate with sufficient clarity its finding. However, Dolfi also says, it says, however, we have repeatedly stated that the trial court must somehow make clear whether it credits the non-moving parties race neutral explanations for striking the relevant panelists. And it said that we have repeatedly emphasized that a trial court may not deny a Batson motion without determining whether it credits the race neutral explanations for the challenge peremptory strikes. So what Dolfi is stating is that, yes, while the district court properly analyzed one of the race neutral explanations, it did not, the district court here improperly failed to consider the other four, as well as some other circumstances. But... How do you respond to this? That in the, you know, apparently in the interest of completeness, the district court in its September 19th, 2019 opinion explicitly stated that it evaluated the totality of the circumstances. And it said, and I quote, taking all the circumstances into account, including numerical disparity, and the fact that defendant had not struck another juror, but also sat in the jury before, the credible representation about juror number 12's behavior, behavior led the court to deny the Batson challenge. Yes, your honor, that, that is correct. I mean, that is the district court's language, which, and that is reason why my briefing analyzed this issue on the, on a clear error basis. The district courts stated its conclusion that acknowledged the totality of circumstances case, but its analysis was insufficient to address the totality of circumstances here. While it may have stated that it addressed the totality of circumstances, its analysis really should have explicitly, excuse me, explicitly addressed each of the city's race neutral explanations, including those that raise pretextuality. The fact that it failed to do so explicitly raises the issue that Dolce raised about the necessity of its, and the propriety of its analysis addressing each of those factors. And so there are three distinct legal errors in the analysis. One is that it focuses credibility determination on not the main issue of the ultimate determination of racial motivation, but on the description. It failed to explicitly rule on the credibility of all of the city's five explanations for the strike. It just focused its analysis on one. And it also ignored, I mean, it ignored one of the most important factors, which is that the city struck this juror based on prior jury service, but failed to inquire. And that failure to inquire factor has been, has been acknowledged by the Supreme Court as a very significant circumstances that, that lends itself to pretextuality. The district courts analysis did not even acknowledge that and while it may have mentioned some of the other factors, it did not properly analyze them. And there were many other statements as well, the city made and providing explanations for their strike that raised, that were discussed in our brief that raised pretextuality concerns that this district court simply glossed over or ignored. And so the, there is a question about whether it's, analysis was proper in this case. Even while it acknowledged the totality of circumstance case, the record does not make clear that it actually conducted that totality of circumstance case in a way that Batson deserves. And so there's maybe a threshold question here about whether the district court properly conducted the totality of circumstances case. And if it did not, then the proper remedy would be to remand for that, that test and for all of the city's explanations to be properly addressed. In the alternative, if this court finds that the district court did conduct the totality of circumstance case and clear error analysis applies, then the many factors addressed in our briefing can be addressed. There's the comparative analysis factor, which the Supreme court has acknowledged being an inconsistency that needs to be considered for establishing pretextuality. The failure to inquire about the jurors prior jury service is a lack of congruence between words and action that lends itself to pretext that suggests pretextuality. And many of the city's defense councils, explicit statements are statements that the Supreme court's words reek of afterthought, their explanations for striking this juror. They're flip-flopping about the race of this juror from initially admitting that he was an African-American or black juror to then questioning whether it's even possible to discern a person's race without asking them. You'll have, you'll have, um, uh, two minutes, uh, for, uh, rebuttal. Okay. Thank you. Thank you. Good morning, your honors, and may it please the court. This is Philip Young on behalf of appellees, the city of New York and police officers, Barry era, Kalilia and Papa bitch. The record in this case is clear and unambiguous. The district court applied the Batson three-step framework, made the proper credibility assessment at step three, and then concluded based on the totality of the circumstances that Raul failed to carry his burden of showing purposeful discrimination and the city's exercise of its preemptory challenge here. And Raul tries to sidestep this unambiguous record by making what really amounts to an artificial distinction that just doesn't hold up on close on close scrutiny. Um, he claims that when the district court made its credibility assessment at step three, really all it was saying was that it believed Ms. Mitchell's description of juror number 12 head movements, and not that it believed that head movements were the real reason for the strike, but that's just not true. So first in the board, our colloquy, the district court asked Ms. Mitchell for a representation quote, as to what exactly it is you saw that is the grounds for the strike. So that was obviously an effort to ascertain not just an accurate description of these head movements, but also whether it was believable that the head movements were in fact the quote grounds for the strike. And then if there were any doubts about exactly what the district court was doing, if you just look to the court's order denying Raul's motion for a new trial, the order lays it out very clearly. The court outlines this three-step bats and inquiry, the court evaluates the totality of the circumstances, and then holds that because the city quote provided a credible race-neutral explanation for the strike, Raul hasn't shown purposeful discrimination. So this idea that the district court somehow doesn't understand Batson is just not true. And the distinction that Raul was drawing is illusory. The answer to the first question, what did juror number 12 actually do, informs the answer to the second question, why did the city strike juror number 12? And the district court's questioning at Vordaer plainly sought to answer both questions, both the credibility of the observation and the credibility of the race-neutral reason. And this court doesn't require the level of specificity and detailed explanation that Raul is demanding from the district court here. The district court is not required to make intricate factual findings in connection with its ruling in order to comply with Batson. There's no particular words or formula that the district court is required to recite. Instead, as this court said in Dulphy, what the district court has to do here is make an unambiguous rejection, the trial court has to make clear whether it credits the non-moving party's race-neutral explanation for the strike. And that's what the district court did here. And the court, this court has also held that because evidence of step three of the Batson inquiry is often very vague and ambiguous, the best evidence is going to be the demeanor and the challenge. And again, that's exactly what the district court did here. She requested that Ms. Mitchell quote, look her in the eye and provide a factual representation to the court. And that's a way for the district court to assess Ms. Mitchell's demeanor and thus assess the credibility of the city's asserted reason for the strike. If the attorney's description of the juror's head movements is credible, then that means it's more likely that the head movements are the real reason for the strike. And then I also just want to quickly turn to the totality of the circumstances question. It's not true that the district court ignored the totality of the circumstances here, as your honors noted. The district court explicitly stated that it considered the totality of the circumstances in its order denying the motion for a new trial. And in addition to stating that it considered the totality of the circumstances, the district court also considered explicitly numerical disparity, which is another way of saying relative strike rate, and then quote, the fact that defendants had not struck another juror who had sat on a jury before. That's comparative juror analysis. And then of course, the district court also analyzed the credibility question. The district court wasn't required to make a detailed description or list of every single factor that it considered in the totality analysis. And then just my final point, your honors, on the question of remand, Raul directed you to Dolfi, and I think that Dolfi is very factually distinguishable from the case here, because in Dolfi, the district court, the entirety of the district court's analysis at step three of Batson was as follows. The trial court said first, quote, very well, strike will stand. And then the trial court also said, quote, I'm satisfied that is a race neutral explanation, so the strike stands. The trial court in Dolfi never assessed the credibility of the attorney proffering the race neutral challenge. It never even mentioned the word credibility. And that's just completely different from the situation we have here, where the district court clearly analyzed the credibility question, both in the voir dire colloquy and in the order of denying the motion for a new trial. So if there are no further questions, the city will rest on its briefs. Thank you. Mr. Jubin, you'll have two minutes in rebuttal. Thank you, your honor. I asked this court to look at the district court's record. There is certainly a tension between its statement that it looked at the totality of circumstances and its other statement by what it characterized as the central issue, as saying whether defense counsel's description of a juror's movement was credible. And that is a tension that reflects an ambiguity in the record. And in terms of this relationship between the credibility of this one race neutral reason as being dispositive of the ultimate credibility determination that the district court should have conducted, that maps very directly with the analytical flaw identified in Dolfi when the court observed that the proffer of that single race neutral reason was not decisive and sufficient. And it would be in this case, your honor, if the movement was so significant, such as the demeanor that expressed hostility throughout the proceedings, that in itself may have been decisive and sufficient because it would have been so significant than the other totality of circumstances would have sort of faded or become insignificant. Here, I asked the court to look at what was described, a vague momentary movement that nobody else observed that may have been a physical tick, and to tether this entire analysis on a single observation that was momentary, vague, and did not express what courts have found as significant, which is demeanor, attitudes of impatience or negativity. There is a relationship that needs to be a proper analysis of the tension between this single race neutral description, which was vague, and the other circumstances that do express hostility towards this juror and a determination to strike him. And that relationship should have been analyzed. And by ignoring it, the district court did not properly analyze the issue. And for purposes of the interest, while deference is a very significant interest that I know this court takes seriously for the stability and predictability that it entails, our submission is that the rule, given the stakes here, given the equal protection and the significance of serving on a jury as being essential to our democracy, the rule of law is better served by ensuring the district court conducts the proper analysis as required by the Supreme Court and by the circuit as well. Thank you. Thank you. Thank you very much, sir. Thank you both for your arguments. The court will reserve decision.